LABORDE, Judge.
Plaintiff, Glen Miller, filed this tort suit seeking damages for injuries he sustained as a result of a horse racing accident on October 29, 1977, at the Delta Downs Race Track. Named as defendants were Delta Downs, Inc., Delta Resources, Ltd., Empire Fire and Marine Insurance Company and Lumberman’s Mutual Casualty Company.
A motion for summary judgment was granted in favor of Empire Fire and Marine Insurance Company thereby dismissing them from the suit, while Lumberman’s Mutual Casualty Company was dismissed upon motion filed by Miller.
Subsequently, Miller filed a supplemental and amending petition pleading in the alternative that he was entitled to workers’ compensation benefits from Delta Downs, Inc. and Delta Resources, Ltd. After a hearing on this issue, the trial court granted a dismissal of Miller’s suit as far as the workers’ compensation claim was concerned.
Trial was held on the merits and the trial court found that Miller failed to prove that Delta Downs, Inc. was negligent or that a defect existed in the race track on which Miller was injured. Judgment was thereby rendered in favor of Delta Downs, Inc. and Delta Resources, Ltd.[1] Miller appeals this adverse ruling. We affirm.
The issue before us is whether the trial court was manifestly erroneous in finding that Miller failed to prove a defect in the race track.
On October 29, 1977, Glen Miller, a professional jockey, was riding a horse named “Full Wind” in the fifth race at the Delta Downs race track which is owned and operated by Delta Downs, Inc. As Miller approached the three-eighths pole his mount fell causing him to be thrown to the track. Miller sustained severe injuries as a result of the fall which have prevented him from continuing his profession as a jockey.
Miller filed this suit seeking to recover damages from Delta Downs, Inc. Miller alleges that Delta Downs, Inc. is strictly liable to him under Article 2317 of the Louisiana Civil Code.
The trial court determined that under the criteria set forth in Loescher v. Parr, 324 So.2d 441 (La.1975), there was little doubt that the race track owned by Delta Downs, Inc. was a thing under its control. However, the trial court found that Miller failed to prove that the track was defective and that a defect caused his injuries. Therefore, since Miller failed to meet his burden of proof necessary for him to recover under LSA-C.C. Article 2317, the trial court denied his claim.
Miller appeals the trial court’s decision and asserts that the lower court erred in ruling that Delta Downs, Inc. was not liable for the accident and his resulting injuries.
Preliminarily, we note that an appellate court should not disturb the factual findings of the trier of fact in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We therefore turn to the record of this case to determine whether or not the trial court was clearly wrong in its finding that Miller failed to prove a defect in the track.
The record shows that Delta Downs maintained its track on a daily basis. Each morning after the horses worked out the track would be dragged and the sand redistributed. Each day visual inspection of the track was performed. If this inspection indicated any softness, the area affected would be immediately repaired. The record further shows that the track was dragged between races in order to smooth it up and to get the horse tracks off the surface.
Miller testified at trial that it was his opinion that from the feeling of the horse, he believed that his horse hit a soft spot. Miller did not state that he actually saw a soft spot either before or after his fall.
Dr. Donald Melek, the owner of “Full Wind”, testified that after the fall he *1231 walked out on the track to look for a hole. Dr. Melek stated that he could not see a hole looking down the track but when he looked between the rails he saw a sandy washout area right off the rail where “Pull Wind” was running. Dr. Melek stated that this was not a soft spot but a washout area.
Lee Berwick, General Manager of Delta Downs, testified that soft spots never develop when there is clear good weather. He stated that soft spots normally develop during rainy spells. He further testified that it would have not been possible for a washout to go undetected because the weather was fair and it would not be possible for a washout to be on the track at the beginning of the race.
Berwick also noted that the area of the track where the fall occurred was carefully scrutinized. He had no knowledge of anyone finding a hole or soft spot in this particular area.
Finally, Berwick testified that when a horse hits a hole or something in the track he tends to bobble. After reviewing the films of the race, which were shown during trial, Berwick stated that he did not see any hobbling of “Full Wind”.
Charles Cormier, a jockey who raced at Delta Downs the night of the accident, testified that there are several possible causes of a fall during a race. The record shows that Cormier was also a guild representative for the jockeys at this time. If any jockeys had complaints of any kind, these complaints would be expressed to the guild representatives who would meet and present the complaints to the steward or track management. Cormier stated that he did not have any problems with holes in the track the night of the accident and he further stated that he did not receive or hear of any complaints about a hole at the spot that Dr. Melek and Miller described.
Gaylen Boutee, a lead out rider at Delta Downs, testified that jockeys would complain to him about track conditions prior to the start of the races. Boutee would then relay these complaints to the racing stewards. Boutee stated that on the date of Miller’s accident, no one told him about a hole in the track such as Dr. Melek described.
After reviewing this testimony and the other testimony contained in the record, we cannot conclude that the trial court committed manifest error in finding that Miller failed to prove a defective condition in the track. We also conclude that the trial court was correct in concluding that the evidence presented did not indicate any act of negligence on the part of Delta Downs, Inc.
For the foregoing reasons, the judgment of the trial court dismissing Glen Miller’s demands is affirmed. All costs are assessed to plaintiff-appellant, Glen Miller.
AFFIRMED.

. Delta Resources, Ltd. moved for and was granted a directed verdict at the close of Miller’s case.